Scott, J.
The petition of the defendant in error in the court of common pleas, shows that his action was brought to recover damages for the alleged false and fraudulent representations of the defendant helow, whereby he was induced to, and did, enter into a contract with said defendant, the terms of which he sets out specifically, and also for certain *586 breaches of said contract by the defendant. The plaintiff' did not seek a rescission of the contract, in whole or in part, on the ground of fraud; but brought an action in affirmance of the contract, retaining such considerations as he had received, in part performance, from the defendant. The false and fraudulent representations complained of were mainly in relation to the character, quality and value, of a tract of land in Tennessee, which by the contract the defendant agreed to sell, and by deed convey to the-plaintiff', and also in regard to the defendant’s title to, and ownership of said land- In consideration of such conveyance, and of the sum of $400, to be paid to the plaintiff, he agreed to and did transfer to the defendant, his equitable interest and title to twenty acres of land, near Cleveland, which he held under.a contract, upon which $2,800 remained to be paid, and also delivered to the defendant certain goods and chattels of the estimated value of $621.
The petition of the plaintiff below avers that the Tennessee land wholly fails to satisfy the description fraudulently given of it by the defendant, and on which he relied in making the contract; and that defendant had no title to said land, and has wholly failed to convey the same to him. These averments were all denied by answer. The issues of fact were submitted to a jury for trial. Testimony was offered on the trial, tending strongly to show fraudulent and false representations made by the defendant to the plaintiff in regard to the quality, character, and improvements of the Tennessee tract of land, consisting of one hundred acres, and that instead of being worth, twenty dollars per acre, as represented by the defendant, it was, in fact, worth not more than from one to three or four dollars per acre. In regard to the title to this land, the following facts were shown by the testimony, and were uncontroverted: On the 15th day of October, 1868, one "William C. Hill, of Tennessee, being the owner in fee of said land, sold the same to one Baker, who paid the purchase money in full, and received from Hill a deed of conveyance, duly executed in regular form, except that a blank *587 was left therein for the insertion of the name of the grantee. It was thus executed in blank as to the grantee, at the instance of the purchaser, to facilitate the conveyance of the land to any subsequent purchaser; Hill authorizing the blank to be filled by the insertion of the name of such subsequent purchaser. Shortly afterward Baker sold the land, through one Rogers, to Holden, the present plaintiff in error, and defendant below, who paid in full therefor three hundred and fifty dollars, and received a transfer of Hill’s deed by delivery. On the 16th of November, 1868, Holden, by the contract between the present parties, agreed to convey the land, by a good and valid deed, to Belmont, the plaintiff below, within six weeks from that date; and in professed performance of that stipulation, inserted the name of Belmont as grantee in the deed from Hill, and, with the consent of Belmont, transmitted it to Tennessee for record. The deed thus'filled up was duly recorded in the proper county of Tennessee, returned to Holden, and by him delivered to Belmont, who being a German, unacquainted with the English language, accepted it in ignorance of any irregularity in the transaction. Belmont is thus, apparently at least, invested with the legal title to the premises, by a deed of conveyance, in fee simple, in all respects regular upon its face, and purporting to have been duly executed and acknowledged by Hill, and whiph is of record in the proper office. Questions appear to have arisen on the trial as to the character of the estate or interest in the premises with which Belmont was, by these means, invested.
On this subject, the bill of exceptions shows that the court instructed the jury, among other things, that they “ should charge the plaintiff with whatever interest he had in said Tennessee lands, by virtue of said deed; and in ascertaining what that interest was, they must take into consideration the fact that the deed could be used by plaintiff’ only to complete a legal conveyance, and that they might take info consideration what that interest thus *588 held was worth.” The verdict returned by the jury was as follows:
“ State of Ohio, Cuyahoga county, ss. :
“ May term, A. D. 1873, to wit: May 29, 1873:
“We, the jury in this case, being duly impaneled and sworn, do find for the plaintiff in the sum of nineteen hundred dollars ($1,900), and that said plaintiff has no claim, title, or interest in the Tennessee land in this suit, and that said deed for the same is the property of the defendant.”
This verdict the defendant below moved the court to set aside, and grant him a new trial on the ground, among others, that the action of the jury had been irregular; that the damages awarded were excessive; that the verdict was contrary to law; was not sustained by the evidence; and was contrary to the charge of the court.
This motion the court overruled, on condition that the plaintiff would execute -and deliver to the defendant a quitclaim deed to said Tennessee lands; and the plaintiff having thereupon executed and filed such deed, judgment was entered upon the verdict, to all which the defendant excepted. This judgment was subsequently affirmed by the district court, upon proceedings in error instituted in that court by the defendant below, who now seeks a reversal of both judgments, on the ground, among others, that the court of common pleas erred in overruling his motion to set aside the verdict, and grant him a new trial.
We think that the court of common pleas erred in overruling the motion of defendant below to set aside the verdict of the jury. The verdict shows upon its face that damages were assessed upon a basis unwarranted alike by the pleadings, the evidence, the charge of the court, and the law governing the case. The petition of the plaintiff below asked no rescission of any part of the contract on which his action was brought, but to recover damages for the breach of its stipulations, and for the false and fraudulent rej^resentations by which he had been induced to enter into it. The plaintiff still retained the deed, which the evi *589 deuce showed that he had received from the defendant for the Tennessee land, and did not propose by his pleadings to reconvey to the defendant the interest or estate, whether legal or equitable, which ivas vested in him by that conveyance. The effect of that conveyance, made under the circumstances shown by the evidence, was a question of law to be determined by the court, and not'by the jury. "We think the deed for the lands in question, made hy Hill in 1868, if defective and ineffectual to pass the legal title, bécause no grantee was named therein, must nevertheless be held valid in equity as a contract by which Hill Recame bound to convey the premises in fee-simple to his vendee or his assigns. The purchase-money having been fully paid, nothing but the naked legal title remained in Hill, of which equity would decree a conveyance to the purchaser, or his assigns. Bare v. Hatch, 3 Ohio, 527; Carr v. Williams, 10 Ohio, 305; Williams v. Sprigg, 6 Ohio St. 585. But, in this case, there is no defect in execution, or otherwise, apparent on the face of the conveyance ; and, speaking for myself, I have no doubt that, under the circumstances shown by the evidence, Hill, the grantor, would in equity be estopped to claim that the name of the grantee was not inserted in the conveyance prior to its execution. It is enough, however, to say, that the plaintiff below has become invested with the full equitable title to the land, and all the lights incident thereto. The court, upon the trial, accordingly instructed the jury substantially that the plaintiff could use the deed in question for the purpose of perfecting his legal title, and that they should “ take into consideration what that interest was worth.” The jury, however, disregarded this instruction, and found by their verdict “ that the plaintiff has no claim, title, or interest in the Tennessee land in this suit, and that said deed for the same is the property of the defendant.” And this finding evidently constituted part of the basis upon which the damages found by the verdict were assessed. It was not within the province of the jury to find that the plaintiff acquired no interest in the land under the deed which he had received and still *590 held, or to decree a rescission of this branch of the contract, and reinvest the defendant with the title to the premises. The damages were evidently estimated on a mistaken hypothesis, and the verdict should for that reason have been set aside; and, in refusing to do so, and in entering judgment upon it, we think the court of common pleas erred.
It follows that the judgment of affirmance rendered by the district court was erroneous, and the judgments of both the courts below must be reversed, and the cause be remanded to the court of common please.

Judgment accordingly.